IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMARCO NICHOLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-CV-1789 |
| | ) | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION; ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES | ) ) ) ) | Honorable Thomas M. Durkin |
| | ) | JURY DEMAND |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTIONS IN LIMINE TO WHICH THE DEFENDANTS WILL NOT AGREE**

**Introduction**

Prior to the plaintiff filing his motions in limine, on a couple of occasions, the plaintiff sought to seek agreement from the defendants, but to no avail. The plaintiff files his motions in limine because the defendants attempt to introduce certain evidence which does not have a tendency to make the existence of any fact of consequence more probable or less probable than without it. FRE 401. Therefore, the defendants should be barred.

Unless the defendants are barred, the defendants' tactic would have "an undue tendency to suggest decision on an improper basis," Advisory Committee's Notes, FRE 403, or otherwise "cause a jury to base its decision on something other than the established propositions in the case." Weinstein, <u>Weinstein's Evidence</u>, ⁋ 403 (03) at 403-15 to 403-17 (1978). Consequently, even if, arguendo, a shred of minimal relevance existed in the defendants' tactic, it would be substantially outweighed by the unfair prejudice and possibly confuse the jury.

**MIL #1: Barring the defendants from stating or inferring that the plaintiff should have pursued further steps in the grievance process, should have filed a grievance, should have not withdrawn a grievance or anything similar**

Whether the plaintiff filed a union grievance is unnecessary for discrimination claims. Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 (1974) (even if union member pursues a grievance to arbitration under a collective bargaining agreement, this does not waive any rights under federal law.) Consequently, unless the defendants are barred, the jurors might be misled or become confused, thinking or feeling that the plaintiff should have pursued further steps, should have filed a grievance, should not have withdrawn a grievance and so forth. Such thinking or feeling would be contrary to law. Another basis for barring the defendants is that the Honorable Judge Durkin held that based upon Seventh Circuit precedent, the defendant's policy of prohibiting employees to proceed with a grievance unless they withdrew their discrimination charge is retaliatory and violates the law. 1/19/16 order denying defendant's motion for summary judgment, doc. 174. Indeed, based upon Seventh Circuit precedent, the defendant's policy is per se illegal. EEOC v. Board of Governors of State Colleges & Universities, 957 F.2d 424 (7th Cir. 1992). In the well-written 69 page 19 January 2016 order denying the defendant's motion for summary judgment, His Honor sua sponte held that based upon Seventh Circuit precedent, judgment should be entered for the plaintiff on retaliation. Subsequently, this Court decided not to enter judgment at that time and stated that a directed verdict would be entered at the trial.

Yet another reason exists why this Court might decide to bar the defendants. By the defendants attempting to argue that the plaintiff should have filed a grievance, should have pursued further steps in the grievance process and so forth, the defendants essentially would be arguing that the plaintiff did not exhaust administrative remedies. However, not exhausting administrative remedies is an affirmative defense. see eg, by analogy, Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) (failure to exhaust EEOC remedies is an affirmative

2

defense).

**MIL #2: Barring defendants from presenting directly or indirectly any evidence of the plaintiff's complaints, grievances, discrimination charges which are unrelated to religion and retaliation prior to 2008**

Whatever complaints, discrimination charges claims and so forth the plaintiff made prior to 2008 which are unrelated to religion or retaliation are irrelevant to the issues which the jury must decide. FRE 401, 403, 404. The jury will decide issues relating to religious discrimination and retaliation. The defendants might strategize to introduce unrelated claims, complaints etc. to imply to the jury that Plaintiff is litigious.

Courts have repeatedly recognized that such evidence is improper and should be excluded because of such risk. Mathis v. Phillips Chevrolet, Inc., 269 F. 3d 771, 776 (7th Cir. 2001) (upholding exclusion of evidence of prior lawsuits, noting that "a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant."); Acree v. Watson Pharmaceuticals, Inc., 10 C 7812, (N.D. Ill., November 21, 2012) ("evidence regarding ... involvement in other litigation has no relevance or probative value with regard to the claims and defenses in this plaintiff's case. The Court excludes this evidence pursuant to Rules 401-403.");

**MIL #3: barring any discipline or rule infraction prior to 2008 which is unrelated to the plaintiff's religious discrimination claim or retaliation**

Indisputably, the defendants fired the plaintiff for an alleged implied threat pursuant to their alleged zero-tolerance policy. The defendants did not fire the plaintiff for any prior infractions or discipline imposed upon the plaintiff. Therefore, the defendant should be barred from stating or suggesting that they fired the plaintiff based upon his previous disciplinary record. Indeed, such would be extremely and unduly prejudicial to the plaintiff as during the 4 years of this litigation, the defendants have never argued that they fired the plaintiff for any other reason other than an alleged implied threat. FRE 401, 403, 404; Gosey v. Aurora Medical Center,

749 F.3d 603, 606, (7th Cir. 2014) ("In this court, Aurora makes much of the fact that it also disciplined Gosey for insubordination, but in the district court Aurora insisted that its sole reason for firing her was that she accumulated too many tardies. Its decision must therefore stand or fall on the basis of that explanation;")

**MIL #4: the plaintiff's religious practices before the plaintiff's request for a religious accommodation or after the defendants fired the plaintiff**

The jury must decide whether the defendants violated the law by rejecting the plaintiff's request for a religious accommodation to pray for 7 minutes beginning at the end of December 2007 and in 2008. Consequently, the relevant time frame is at the end of 2007 and 2008 when the plaintiff repeatedly requested a religious accommodation, verbally and in writing. Therefore, the plaintiff's religious practices after the defendants fired the plaintiff, at home, at work or elsewhere, are irrelevant. FRE 401, 403. This would include whether the plaintiff asked any other person or entity other than the defendants for a religious accommodation before the defendants hired him in 1998 or after the defendants fired him in 2008.

Similarly, whether the plaintiff asked the defendants for a religious accommodation prior to December 2007 or not is irrelevant. Moreover, whether the plaintiff was able to pray without a religious accommodation before December 2007 is irrelevant. This is because the law focuses on when the law was triggered. The religious discrimination laws were triggered when the plaintiff requested a religious accommodation beginning at the end of December 2007 or early January 2008 and the defendants rejecting the plaintiff's request. Judge Durkin may recall that the defendants did not ask the plaintiff a single question regarding his request to pray. Instead, the defendants flatly rejected the plaintiff's request to pray--despite the law which clearly provides that the defendants must provide religious accommodations.

4

**MIL #5: decisions of other courts or arbitrators that employees cannot pursue a grievance if they filed a discrimination charge**

Based upon Seventh Circuit precedent, the Honorable Judge Durkin held that the defendants retaliated against the plaintiff by refusing to proceed with with the grievance hearing concerning the defendants firing the plaintiff, unless the plaintiff executed the defendant's documents withdrawing the plaintiff's EEOC discrimination charge. Consequently, the defendants should be barred from stating or inferring that other courts, arbitrators or any other person has stated that employees cannot pursue their grievance if they filed discrimination charges. Such would confuse the jury about the law as enunciated by the Seventh Circuit.

**MIL #6: barring the defendants from presenting anything that they did not disclose in their answers to the plaintiff's discovery**

The purpose of discovery is for one party to discover information relating to the other party. The plaintiff has relied on the defendant's answers to the plaintiff's interrogatories. Consequently, the defendant should be barred from stating or inferring any information that they failed to disclose in their answers to the plaintiff's interrogatories and should have disclosed.

Granting the plaintiff's motion to bar the defendants from utilizing comparator evidence which the defendants failed to disclose in discovery, the court in <u>Ladwig v. United Airlines, Inc.</u>, No. 14-CV-002152-RBJ, 2016 WL 81221, at *1 (D. Colo. Jan. 7, 2016) held, "the court does not know whether defendant has any intention of using any such evidence, but if so, it will not be admitted. One reaps what one sows. The Court expects counsel, as professionals, to honor this order without wasteful arguing during the trial along the lines of 'yes we did, no you didn't.'"

**MIL #7: barring the defendants from stating or inferring that the plaintiff should have terminated his employment with the defendants before they fired him**

Mr. Nichols needed his job to put food on the table and support his family. Because he needed his job, the defendant should be barred from stating or inferring that the plaintiff should have quit his job before the defendants fired him. Also, they should be barred from stating or

5

inferring that the plaintiff must not have been upset or suffered emotional pain as he continued to work for the defendants until the defendants fired him.

Unless the defendants are barred, the defendants would be effectively blaming the plaintiff for the defendants discriminating against the plaintiff for his religion and retaliating against him. Unless the defendants are barred, the defendants effectively will be placing a higher burden on the plaintiff than allowed by law.

Harassment is a subset of the general category of discrimination. Courts hold that an employee "need not sacrifice one's job (and a steady source of income)… to prove that racial harassment in the workplace rose to the level of an actionable hostile work environment." White v. BFI Waste Services, LLC, 375 F.3d 288, 298 n.6 (4th Cir. 2004); Dey v. Colt Constr. & Dev. Co., 28 F.3d 1446, 1454 (7th Cir.1994) ("[T]he mention in Harris of an unreasonable interference with work performance was not intended to penalize the employee who possesses the dedication and fortitude to complete her assigned tasks even in the face of offensive and abusive sexual [harassment] from one of her superiors.").

Evidence that the employee did not seek other employment or a transfer is irrelevant and should be excluded under Fed.R.Evid. 401,402, 403. Perry v. Harris Chernin, Inc., 126 F.3d 1010, 1015 (CA7 1997) ("[U]nless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress."); Rodriquez v. City of Houston, 250 F. Supp. 2d 691, 702 (S.D. Tex. 2003) ("Defendant argues… that Plaintiff 'failed to avoid harm' because she 'opted to remain in the same position knowing full well she would be in daily contact with Jackson.'… The contention that Rodriguez should have left her position, or duties, at Kingwood is without merit. Defendant has not cited any caselaw, and this court has found none, to support the argument that an employee subjected to sexual harassment is 'unreasonable' if she fails to relinquish an otherwise favorable position. On the contrary, the

6

Supreme Court has emphasized that no person should be required to choose between making a living and running 'a gauntlet of sexual abuse.' Meritor, 477 U.S. at 67, 106 S.Ct. 2399").

Unless the defendants are barred, the defendants would convey to the jury that a victim of religious discrimination and retaliation must suffer serious emotional injuries to recover for religious discrimination and retaliation and so the plaintiff must not have suffered serious emotional injuries because otherwise he would have quit before the defendants fired him. Ellison v. Brady, 924 F.2d 872, 878 (9th Cir. 1991)("It is the harasser's conduct which must be pervasive or severe, not the alteration in the conditions of employment. Surely, employees need not endure sexual harassment until their psychological well-being is seriously affected to the extent that they suffer anxiety and debilitation." )

**MIL #8: barring the defendants from stating or inferring that the plaintiff should have filed his discrimination charge sooner**

As long as the plaintiff files his discrimination charge within 300 days of the defendant's wrongful conduct, the plaintiff's discrimination charge is timely. The plaintiff filed his religious discrimination charge in June 2008. The defendants fired him in June 2008. The plaintiff's religious discrimination charge is timely. The defendants have never argued otherwise.

Because the plaintiff has a timely religious discrimination charge, unless the defendants are barred, the defendants will attempt to mislead or confuse the jury by arguing that he should have or could have filed his discrimination charge sooner. Filing it sooner is irrelevant to the issues of this case of the defendants discriminating against the plaintiff because of his Muslim religion and retaliating against him. Indeed, the defendants' attempt to argue that the plaintiff should have filed his charge of discrimination sooner (shifting the blame onto the plaintiff and away from the defendants) is effectively an affirmative defense. However, the defendants have no such affirmative defense.

**MIL #9: bar defendants from mentioning the past cases of the plaintiff's attorney**

The defendants have stated that if the plaintiff mentions that his attorney is a sole practitioner and that the defendants have more resources, then they will mention the past cases of the plaintiff's attorney. At this point, the plaintiff's attorney does not know if he will mention that he is a sole practitioner or not. Even if he does, his past cases have nothing to do with the instant case. FRE 401, 403.

**MIL #10: barring the defendants from speculating about the plaintiff's "motives" for filing a lawsuit**

Many jurors already think that many lawsuits are meritless. Judge Durkin's lawsuit is not one of those lawsuits. Indeed, His Honor on or about 19 January 2016 denied the defendant's motion for summary judgment in a 69 page opinion. Fortunately, our system of justice allows victims to seek redress in federal court for the defendant's wrongs. Therefore, the plaintiff's "motive" for filing this lawsuit is irrelevant. FRE 401, 403.

The defendants have agreed that they will not use specific phrases, for example, "litigation lottery", "get rich quick", "end of the rainbow". However, there is an infinite number of possibilities of combining words to the jury that would convey the same meaning as "litigation lottery" "get rich quick" and so forth. Unless the defendants are barred from stating or inferring the plaintiff's motive for filing a lawsuit, the plaintiff will be unduly prejudiced. The jury should decide this case on the merits, based upon the evidence, not on some of the defendant's attempts to avoid justice and distract the jury with irrelevant and immaterial thoughts and feelings. Also, the defendants should be barred from attempting to damage our American system of justice by stating or inferring that a citizen's right to avail himself of help from this Court is suspicious. No attempt should be made by the defendant to create any prejudice in the jury concerning the American legal system or a citizen's right to avail himself of our American system of justice.

<u>Yingling v. Hartwig</u>, 925 SW 2d 952, 956 (Mo. App. 1996) ("Dr. Neighbor's testimony is

8

an attempt to discredit plaintiffs for exercising their right to utilize the judicial system to seek recovery for their injuries. This court has previously held such testimony prejudicial and reversible error.") The jury should not be focusing on why the plaintiff filed his lawsuit, whether he should have even filed a lawsuit and so forth. Rather, the jury should focus on the evidence and the issues and decide whether and how the defendants discriminated and retaliated against the plaintiff because of his Muslim religion.

**MIL #11: barring defendants from having their employees review each other's transcripts**

The defendant's employees should testify truthfully. They should not change their testimony based upon what another employee stated. Consequently, the defendants should be barred from having their employees review the depositions or trial transcripts of other employees. Also, the defendants should be barred from conveying to their employees what the testimony was of the other employees. As stated, the defendant's employees should testify truthfully.

Respectfully submitted,

/s/ Joseph C. Longo
Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Longo-Associates@SBCglobal.net
Attorney No. 53635

### CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S MOTIONS IN LIMINE TO WHICH THE DEFENDANTS WILL NOT AGREE by electronic filing on 31 August 2016 before 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

/s/ Joseph C. Longo
Joseph A. Longo