

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



FILED

SEP 28 2016
9-28-16
Judge Thomas M. Durkin
United States District Court

DEMARCO NICHOLS,

        Plainitiff,

        v.

ILLINOIS DEPARTMENT OF
TRANSPORTATION,

        Defendants.

No. 12 C 1789

Judge Thomas M. Durkin

## FINAL JURY INSTRUCTIONS

## Instruction No. 1

Members of the jury, you have seen and heard all of the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## Instruction No. 2

During this trial, I asked questions of witnesses myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## Instruction No. 3

In determining the facts of this case, you must consider only the evidence that I have admitted in the case. The evidence consisted of the testimony of the witnesses, exhibits admitted, stipulations, and answers to interrogatories and requests to admit.

A stipulation is an agreement between both sides that certain facts are true and a person would have given certain testimony.

## Instruction No. 4

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

## Instruction No. 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## Instruction No. 6

From time to time during the trial I was called upon to make rulings of law on objections or motions made by the attorneys. You should not infer or conclude from any ruling or other comment I made that I have any opinions about how you should decide this case. And if I sustained an objection to a question that went unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

## Instruction No. 7

Any notes you took during this trial are only aids to your memory. The notes are not evidence. If you did not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony. You will be allowed to take your notes which are not written on these instruction into the jury room when you deliberate.

## Instruction No. 8

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## Instruction No. 9

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## Instruction No. 10

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## Instruction No. 11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## Instruction No. 12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

## Instruction No. 13

It is proper for a lawyer to meet with any witness in preparation for trial.

## Instruction No. 14

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of a larger number of witnesses.

## Instruction No. 15

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## Instruction No. 16

In this case, the Defendant is the Illinois Department of Transportation, and was referred to at times as "IDOT." IDOT is an agency of the State of Illinois. All parties are equal before the law. A state agency is entitled to the same fair consideration that you would give any individual person.

## Instruction No. 17

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it more probably true than not true.

## Instruction No. 18

In this case, Plaintiff DeMarco Nichols makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, Mr. Nichols, a Muslim, claims that he was:

(1)    denied a religious accommodation that would have allowed him to pray at work (Religious Accommodation Claim);

(2)    terminated from his employment because of his religion, which is Islam (Disparate Treatment Claim); and

(3)    retaliated against for complaining about being treated differently than other employees because of his religion and/or for filing a complaint of discrimination against IDOT with the federal Equal Employment Opportunity Commission (EEOC) (Retaliation Claims (A)-(D)).

IDOT denies that Mr. Nichols was entitled to a religious accommodation as requested or that he was discriminated or retaliated against in any way.

I will now instruct you more fully on the issues you must address in this case.

### Instruction No. 19

Religious Accommodation Claim: Plaintiff claims that Defendant unlawfully refused his request for a "reasonable accommodation" to practice his religion.

To succeed on this claim, Plaintiff must prove four things by a preponderance of the evidence:

1. That Plaintiff had a sincerely held religious belief requiring him to pray during work hours;

2. That Plaintiff's religious need to pray during work hours conflicted with his job requirements;

3. That Defendant knew of the conflict between Plaintiff's religious need to pray during work hours and his job requirements;

4. That Defendant did not reasonably accommodate Plaintiff's religious need to pray during work hours.

If you find that Plaintiff did not prove by a preponderance of the evidence each of these things, then you must find for Defendant on this claim. If, on the other hand, Plaintiff has proved each of these things, you must go on to consider whether Defendant has proved by a preponderance of the evidence that accommodating Plaintiff's request for a religious accommodation would have imposed an undue burden on Defendant. I will instruct you further on what constitutes an "undue burden" in a moment. If you find that Defendant has proven that accommodating Plaintiff's request for a religious accommodation would have imposed an undue burden on Defendant, your verdict on this claim should be for Defendant. If you find that Defendant has not proved the existence of an undue burden, your verdict should be for Plaintiff on this claim.

I will now instruct you further on Plaintiff's religious accommodation claim.

## Instruction No. 20

To "accommodate" a request for a religious accommodation is to make some change that will let a person participate in his religious belief/practice without affecting his job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce. A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

## Instruction No. 21

Once an employer is aware of an employee's need for a religious accommodation, and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit him to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith. Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed.

## Instruction No. 22

Defendant does not need to accommodate Plaintiff if it would cause an "undue hardship" to its business. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of Defendant's business or how Defendant runs its business. Defendant bears the burden of proof on this issue; that is, Defendant must prove to you by a preponderance of the evidence that Plaintiff's proposed accommodation would be an "undue hardship." In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. Defendant's overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4. The way that Defendant conducts its operations. This might include its workforce structure; the location of its facility where the accommodation would be made compared to Defendant's other facilities; and the relationship between these facilities.

## Instruction No. 23

Disparate Treatment Claim: For his disparate treatment claim, Plaintiff claims that he was suspended and/or terminated by Defendant because of his religion. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that his religion was a motivating factor in Defendant's decision to suspend and/or terminate him.

As used in these instructions, an unlawful employment practice is established when Plaintiff demonstrates that his religion was a motivating factor in Defendant's decision to suspend and/or terminate him, even though other factors also motivated his suspension and/or termination.

If you find that Plaintiff has proved this claim by a preponderance of the evidence, then you must enter a verdict for Plaintiff. However, if you find that Plaintiff did not prove this claim by a preponderance of the evidence, then you must enter a verdict for Defendant.

## Instruction No. 24

Although Plaintiff must prove that Defendant acted with the intent to discriminate, Plaintiff is not required to prove that Defendant acted with the particular intent to violate Plaintiff's federal civil rights. Moreover, Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

## Instruction No. 25

Defendant has given a nondiscriminatory reason for its decision to terminate Plaintiff. If you disbelieve Defendant's explanations for its conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination. In determining whether Defendant's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Defendant or believe it is harsh or unreasonable. You are not to consider Defendant's wisdom. However, you may consider whether Defendant's reason is merely a cover-up for discrimination.

## Instruction No. 26

Retaliation Claims (A-D): The law protects employees from retaliation who in good faith oppose discrimination in the workplace. Opposition to discrimination can take the form of both formal and informal protests of discriminatory employment practices, including verbal complaints to supervisors or other management. For his retaliation claim, Plaintiff does not have to prove that he was actually discriminated against, but only that he complained about being discriminated against.

Retaliation occurs when an employer takes a materially adverse action against an employee because of the employee's good faith opposition to discrimination in the workplace. A "materially adverse action" is any action that might discourage a reasonable worker from making or supporting a charge of discrimination or otherwise opposing discrimination as described above. Plaintiff claims that he suffered the following materially adverse actions as a result of his complaints about religious discrimination against him:

(A)     He was denied a religious accommodation as requested by Defendant;

(B)     He was suspended and/or terminated from his job by Defendant; and

(C)     He was not permitted by Defendant to grieve his termination.

(D)     He was treated differently than other similarly situated employees as to the March 26, 2008 suspension relating to his second violation of the snow call policy.

I will now instruct you further on Plaintiff's retaliation claims.

## Instruction No. 27

Retaliation Claim (A): Plaintiff claims that he was denied a religious accommodation by Defendant because of his complaints about discrimination against him. To succeed in this claim, Plaintiff must prove by a preponderance of the evidence that:

1. he exercised his right to complain about acts of discrimination against him;

2. his complaints about discrimination against him were based on a reasonable, good faith belief that he had suffered discriminatory treatment. This does not, however, require Plaintiff to show that what he believed was correct; and

3. Defendant would not have denied Plaintiff's request for a religious accommodation if Plaintiff had not complained about discrimination against him, but everything else had been the same.

If you find that Plaintiff did not prove by a preponderance of the evidence each of these things required of him, then you must find for Defendant on Plaintiff's Retaliation Claim (A). If, on the other hand, Plaintiff has proved each of these things, your verdict should be for Plaintiff on this claim.

## Instruction No. 28

Retaliation Claim (B): Plaintiff claims that he was suspended and/or terminated from his job by Defendant because of his complaints about discrimination against him. To succeed in this claim, Plaintiff must prove by a preponderance of the evidence that:

1.  he exercised his right to complain about acts of discrimination against him;

2.  his complaints about discrimination against him were based on a reasonable, good faith belief that he had suffered discriminatory treatment. This does not, however, require Plaintiff to show that what he believed was correct; and

3.  Defendant would not have suspended and/or terminated Plaintiff if Plaintiff had not complained about discrimination against him, but everything else had been the same.

If you find that Plaintiff did not prove by a preponderance of the evidence each of these things, then you must find for Defendant on Retaliation Claim (B). If, on the other hand, Plaintiff has proved each of these things, your verdict should be for Plaintiff on this claim.

## Instruction No. 29

Retaliation Claim (C): Plaintiff claims that Defendant refused to allow him to grieve his termination using Defendant's internal grievance process because of his complaints about discrimination against him. Specifically, Plaintiff claims that he was retaliated against for filing and maintaining a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) when Defendant required him to withdraw his EEOC complaint in order to proceed with the grievance process. To succeed in this claim, Plaintiff must prove by a preponderance of the evidence that:

      1.    he filed a discrimination complaint with the EEOC

      2.    he attempted to grieve his termination using Defendant's internal grievance process; and

      2.    he was not allowed by Defendant to grieve his termination using Defendant's internal grievance process unless he agreed to withdraw his EEOC complaint.

If you find that Plaintiff did not prove by a preponderance of the evidence each of these things, then you must find for Defendant on Retaliation Claim (C). If, on the other hand, Plaintiff has proved each of these things, your verdict should be for Plaintiff on this claim.

## Instruction No. 30

Retaliation Claim (D): Plaintiff claims that Defendant treated him differently than other similarly situated employees because of his complaints about discrimination against him. To succeed in this claim, Plaintiff must prove by a preponderance of the evidence that:

1.  he exercised his right to complain about acts of discrimination against him;

2.  his complaints about discrimination against him were based on a reasonable, good faith belief that he had suffered discriminatory treatment. This does not, however, require Plaintiff to show that what he believed was correct; and

3.  Defendant would not have treated Plaintiff differently than other similarly situated employees as to the March 26, 2008 suspension relating to his second violation of the snow call policy, if Plaintiff had not complained about discrimination against him, but everything else had been the same.

If you find that Plaintiff did not prove by a preponderance of the evidence each of these things, then you must find for Defendant on Retaliation Claim (D). If, on the other hand, Plaintiff has proved each of these things, your verdict should be for Plaintiff on this claim.

## Instruction No. 31

There is no requirement that plaintiff file a grievance or pursue a grievance to any particular step or level in order to otherwise prove his allegation.

## Instruction No. 32

If you find that Plaintiff has proved any of his claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages for the claims you find he has failed to prove.

## Instruction No. 33

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. If you find for the Plaintiff on liability, the court will calculate and determine any damages Plaintiff is entitled to for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

> The physical, mental and/or emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical, mental and/or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

## Instruction No. 34

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you, which I will read to you now.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

### Instruction No. 35

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## Instruction No. 36

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.