UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMARCO NICHOLS, | |
| Plaintiff, | No. 12-cv-1789 |
| v. | Judge Thomas M. Durkin |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion relating to a contingency fee dispute between Plaintiff DeMarco Nichols and his trial counsel, Joseph Longo and Longo & Associates, Ltd. (collectively "Longo"). The motion stems from an underlying lawsuit that Longo filed on Nichols' behalf in March 2012 against the Illinois Department of Transportation ("IDOT") and the Illinois Department of Central Management System ("CMS"). After a jury largely found in Nichols' favor in 2016, the parties filed and the Court resolved several post-trial motions regarding equitable relief and attorney's fees. The Court entered final judgment in 2017 and terminated the proceedings. Now, several years later, Nichols' new counsel asks the Court to find that the contingency fee agreement between Nichols and Longo from 2012 is either excessive or unconscionable under Illinois law. For the reasons explained below, the Court concludes that it lacks jurisdiction to rule on Nichols' motion. It is accordingly denied.

**Background**

This case began nearly a decade ago, and a detailed summary of the factual background can be found at *Nichols v. Illinois Dep't of Transportation*, 152 F. Supp. 3d 1106 (N.D. Ill. 2016) and *Nichols v. Illinois Dep't of Transportation*, 2019 WL 157915 (N.D. Ill. Jan. 10, 2019). In short, and as relevant here, Nichols filed his original complaint on March 11, 2012, alleging that IDOT (then his former employer) failed to accommodate his religious practices, discriminated against him based on his religion, and retaliated against him after he filed grievances complaining about the discrimination, all in violation of Title VII, 42. U.S.C. § 2000 *et seq*.

After Nichols filed his complaint, the parties spent the next several years engaged in discovery, motion practice, and failed settlement discussions. Trial began in September 2016, and the jury returned a verdict for Nichols on most of his claims and awarded him $1.5 million in damages, which was subsequently reduced to $300,000 due to statutory damage caps. The parties then spent a year briefing various issues related to equitable relief. In 2017, the Court ordered IDOT to reinstate Nichols to his previous position and awarded him $952,156 in back wages, overtime, pension benefits, prejudgment interest, and reimbursement for sick days and a negative tax consequence that resulted from his lump sum payment jury award. Nichols also received credit for the vacations days he would have enjoyed had he been continuously employed by IDOT. The Court entered final judgment on November 7, 2017, and terminated the case. *See* R. 303.

Before final judgment was entered, however, Nichols filed a motion for attorney's fees under 42 U.S.C. § 2000e-5(k), seeking $1,709,345 in fees and $4,460.47 in costs. The Court found the amount significantly overstated, and reduced the award to $744,584.50 in fees and $4,061.02 in costs. *See* R. 305. The Court explained that both parties needlessly delayed the proceedings, but that Longo could have and should have handled the case in a more efficient manner. Longo appealed the Court's decision in February 2019, and the matter is currently pending before the Seventh Circuit.[1] *See* R. 306.

Fast forward two years later to February 2021, when Nichols' new counsel filed appearances before this Court. The new attorneys are representing Nichols in a dispute between him and Longo regarding the contingency fee agreement that Nichols entered into in 2012. Under the terms of the agreement, Longo is entitled to all attorney's fees awarded by this Court, and 45 percent of "any recovery" awarded after trial, including any equitable relief. *See* R. 345-2. The agreement does not define "equitable relief" nor does it contain any provisions explaining how such relief should be calculated. *Id*. Nevertheless, Longo has decided that Nichols' reinstatement at IDOT is worth $1 million and has applied the contingency fee against that amount. He has also applied the fee against all other forms of equitable relief awarded to

---

[1] When Longo originally filed the notice of appeal, the Seventh Circuit ordered him to explain why the appeal should not be dismissed for lack of jurisdiction since he did not include his own client, Nichols, in the notice. *See Nichols v. Illinois Department of Transportation, et al.*, No. 19-1252, Dkt. 2. In response to the order, Longo voluntarily dismissed the appeal and re-filed in March 2019, this time naming himself and Nichols as the appellants. *See Nichols v. Illinois Department of Transportation, et al.,* No. 19-1456, Dkt. 1.

3

Nichols—*i.e.* vacation days, pension credits, sick pay—and has informed others that, pursuant to his agreement with Nichols, he plans to keep all $744,584.50 in attorney's fees (subject to the Seventh Circuit's pending decision).

Nichols asks the Court to find the contingency fee agreement excessive and in violation of the Illinois Supreme Court Rules of Professional Conduct. He argues that a contingency fee of 45 percent is far too high when combined with a complete assignment of attorney's fees. He also argues that the provisions in the agreement regarding equitable relief are impermissibly vague and should be construed in his favor, and that Longo has failed to explain how he arrived at the $1 million reinstatement valuation. If the Court does not find the contingency fee agreement excessive, Nichols asks the Court to find it unconscionable under Illinois law.[2]

Nichols claims that this dispute falls within the Court's supplemental jurisdiction. Longo disagrees, and at the status hearing on March 19, 2021, he asked whether the parties could brief the jurisdictional issue first before turning to the merits. The Court granted the request, and Longo and Nichols subsequently filed briefs limited to the question of whether the Court has supplemental jurisdiction over this dispute. The Court has reviewed the parties' arguments, and for the reasons stated below, concludes that it does not.

---

[2] Nichols' motion states that he filed a grievance with the Chicago Bar Association's Fee Dispute Committee in 2018. *See* R. 345 at 5. Longo filed a response to Nichols' grievance, but allegedly failed to appear before a committee hearing. Nichols' motion does not state whether the committee issued an opinion or order regarding the dispute.

## Analysis

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction in a federal court can be premised on a federal question, which exists in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When Nichols filed this action in 2012, the Court had federal question jurisdiction because Nichols' Title VII claims arose under federal law. Those claims have since been resolved—as stated, a jury ruled in Nichols' favor in 2016 and this Court awarded him nearly a million dollars in equitable relief in 2017. *See* R. 303. Nichols' contingency fee dispute against Longo invokes Illinois law, meaning jurisdiction can no longer be based on 28 U.S.C. § 1331. Nichols accordingly argues that the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). State law claims fall within a court's supplemental jurisdiction if they are "so related to [the federal] claims . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

In certain situations, district courts may exercise supplemental jurisdiction over fee disputes. As the Seventh Circuit has explained, supplemental jurisdiction may be found when attorneys and clients argue over "costs and fees for representation in matters pending before the district court." *Goyal v. Gas Tech. Inst.*, 718 F.3d 713, 717 (7th Cir. 2013); *see also Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299-300 (7th Cir. 1995) ("[W]e note that supplemental jurisdiction generally has been asserted over attorney's fee disputes when the disagreement arises between the client and the lawyer."). But supplemental jurisdiction does not last forever. Indeed,

5

"[s]upplemental jurisdiction does not extend [] to attorney fee disputes after the case has been dismissed and jurisdiction has been relinquished." *Goyal*, 718 F.3d at 717.

Such is the case here. Nichols filed his contingency fee motion on March 5, 2021, but the Court "terminated" this matter more than three years ago when it issued a final judgment order concerning Nichols' equitable relief. The relevant order, dated November 7, 2017, specifically states: "FINAL JUDGMENT ORDER. Civil case terminated. Signed by the Honorable Thomas M. Durkin on 11/7/2017." R. 303 (emphasis in original). In so ordering, the Court effectively dismissed the case and relinquished its jurisdiction. *See Hill*, 405 F.3d at 576 (court lacked supplemental jurisdiction to decide fee dispute after case had been dismissed with prejudice); *see also Goyal*, 718 F.3d at 718 (court properly exercised supplemental jurisdiction over fee dispute because the case was still pending). Nichols' motion raises legitimate concerns about his contingency fee agreement with Longo, but the Court cannot re-open the case years later and manufacture jurisdiction in order to hear what is more or less a contract dispute between an attorney and his client. Supplemental jurisdiction is simply lacking.

Nichols offers two arguments, neither of which change this Court's conclusion. Nichols argues first that the case is still "very much alive" because the attorney's fees appeal is currently pending before the Seventh Circuit. Nichols contends that after the Seventh Circuit enters its opinion, the appellate court will issue a mandate back to this Court, at which time the parties may file new motions related to the fees.

The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). And "[j]ust as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). But the attorney's fees issue is a different aspect of the case from the contingency fee issue; the former concerns the proper amount of attorney's fees that should be awarded to Longo from IDOT under Title VII, whereas the latter focuses on the reasonableness of Longo's contract with Nichols, and how much of the statutory and equitable damages awarded to Nichols should be allocated to Longo. And in any event, appealing a specific aspect of the case (here, the attorney's fee decision) years after the case has been terminated does not re-open the entire proceeding pending the appeal. *Cf. Hill*, 405 F.3d at 576 (explaining that a case "dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated"). Nichols does not cite, and the Court is not aware of, any authority that says otherwise. His first argument is accordingly rejected.

Nichols argues next that the case is still pending because the Court never ordered it dismissed. On the one hand, Nichols is correct that no minute order on the docket expressly states that the case has been dismissed. But again, that does not mean the matter is still pending. As stated, the Court expressly terminated the proceedings in November 2017. That was the functional equivalent of dismissing the case, especially because at the time of termination, the trial verdict had been

7

rendered, a final judgment order had been entered, and briefing had been completed on the attorney's fees issue. There was nothing left for the parties to file other than a notice of appeal regarding the attorney's fees decision, which Longo eventually did in 2019. *See* R. 306. The Court's intent in terminating the proceedings in November 2017—five years after Nichols filed his original complaint and more than a year after the trial concluded—was to "dismiss" the case, even if that word was not used. *See Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Loc. 20, AFL-CIO*, 208 F.3d 610, 613 (7th Cir. 2000) (district court's statement that it was "terminating case" suggested that it was relinquishing jurisdiction). Nichols' second argument is therefore rejected as well.

Nichols points to three cases in support of his motion but they are all distinguishable. In *Baer v. First Options of Chicago, Inc.*, the Seventh Circuit affirmed the district court's exercise of supplemental jurisdiction over a fee dispute in part because the court approved the parties' settlement agreement, which acknowledged the dispute and provided for the court to resolve it. 72 F.3d 1294, 1302 & n.7 (7th Cir. 1995). A similar situation arose in *Acorn Bankshares, Inc. v. Suburban Bancorp, Inc.*, 1987 WL 18950, *4 & n.5 (N.D. Ill. 1987). There, counsel for one of the parties moved to withdraw before the case concluded, but not before filing an attorney's lien against any proceeds of settlement or recovery paid to counsel's client. The case later settled, and a dispute arose as to whether the court had supplemental jurisdiction to enforce the lien. The court found that it could resolve the dispute, because in previously granting counsel's motion to withdraw, the court explicitly told

8

the parties that it was retaining jurisdiction to resolve any issues arising out of the lien. *Id.* at *4. Unlike in *Baer* and *Acorn*, this Court took no affirmative action to exercise supplemental jurisdiction over Nichols and Longo's contingency fee agreement when it terminated the proceedings in November 2017. *See Riva Techs., Inc. v. Zack Elecs., Inc.*, 2002 WL 1559584, at *6 (N.D. Ill. July 15, 2002) (declining to exercise supplemental jurisdiction over fee dispute for similar reasons). In fact, the Court did not even know about the dispute until Nichols filed his motion in March of this year. For that reason, Nichols' reliance on *Rosquist v. Soo Line Railroad*, 692 F.2d 1107 (7th Cir. 1982) is also misplaced. There, the Seventh Circuit held that the district court had jurisdiction because the proceedings were still "fully alive" when the parties' fee dispute was brought to the court's attention. *Id.* at 1110. The same cannot be said here.

None of this is to say that Longo's contingency fee agreement with Nichols isn't concerning. Nichols' motion outlines several ways in which Longo seeks an astronomical amount of fees compared to Nichols' actual recovery. What is more, the motion calls in question whether Longo has fulfilled his ethical duties as a practicing attorney. Longo allegedly failed to update Nichols on key aspects of the case, and stopped communicating with him regarding the contingency fee agreement. *See* R. 345 at 4-5. But these issues are possibly for another forum to decide, because as explained, this Court cannot exercise jurisdiction that it does not have. *See Goyal*, 718 F.3d at 717; *Hill*, 405 F.3d at 576. Nichols' motion is therefore denied. Should

9

Nichols decide to continue to pursue his contingency fee dispute against Longo, he may find relief in state court.

## Conclusion

For the reasons explained above, the contingency fee dispute between Nichols and Longo is not within the supplemental jurisdiction of this Court. Accordingly, Nichols' motion, R. 343, is denied. Longo's motion to strike Nichols' response brief, R. 360, is denied as moot.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: April 29, 2021