## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DeMarco Nichols,

      Plaintiff,

    v.

Illinois Department of
Transportation, Illinois Department
of Central Management Services,

      Defendants.

No. 12-cv-01789

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Joseph Anthony Longo, previously counsel for DeMarco Nichols, filed the instant motion for sanctions against Nichols's new attorneys, Anthony Passo, Robert Minetz, and Laurence Landsman, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. For the reasons set forth below, that motion is denied.

### Background

On September 29, 2016, a jury returned a verdict for DeMarco Nichols in his employment discrimination lawsuit. After roughly a year of briefing on issues of equitable relief, the Court entered judgment on November 7, 2017, and terminated the case. In the interim, Nichols's trial attorney, Longo, had filed a motion for attorney's fees. On January 10, 2019, the Court granted in part Longo's motion. Longo appealed the statutory fee decision.

In February 2021, while that appeal was pending, Nichols sought leave to file additional attorney appearances, and his new attorneys filed a motion to adjudicate

attorney's fees. The new motion concerned a dispute between Nichols and Longo over the contingency fee arrangement they had entered into prior to commencement of the suit, which Nichols asserted was excessive and in violation of Illinois Supreme Court Rule 1.5.

Longo objected to Nichols's motion primarily on the basis that it was outside the Court's supplemental jurisdiction and requested that the Court order limited briefing on the jurisdiction issue before reaching the merits of the fee dispute. The Court granted that request, and after reviewing the parties' filings, found that it lacked jurisdiction over the fee dispute. *See Nichols v. Ill. Dep't of Transp.*, 2021 WL 1688155 (N.D. Ill. Apr. 29, 2021).

The day after the Court issued its opinion finding no jurisdiction, Longo filed the instant motion for sanctions against Nichols's new attorneys. Longo claims that the motion to adjudicate attorney's fees was frivolous and improper because there was no reasonable basis to believe the dispute was within the Court's supplemental jurisdiction.

After Longo filed the sanctions motion, Nichols appealed the Court's jurisdictional decision. The Court stayed briefing on the sanctions motion pending the outcome of that appeal. On January 7, 2022, the Seventh Circuit affirmed the Court's decision, finding the contingency fee dispute was not encompassed by the Court's supplemental jurisdiction. *Nichols v. Longo*, 22 F.4th 695 (7th Cir. 2022).

## Discussion

Rule 11 requires that attorneys and parties, before presenting a motion, conduct a reasonable inquiry to confirm, among other requirements, that "the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The rule permits the imposition of appropriate sanctions, either on motion or on the court's own initiative, if an attorney or party violates this provision. Similarly, 28 U.S.C. § 1927 permits the court to award excess costs, expenses, and attorney's fees incurred because of conduct by an attorney that "multiplies the proceedings in any case unreasonably and vexatiously."

Sanctions are not appropriate in this case. The Court need only look at the Seventh Circuit's opinion on the jurisdiction question to see that nonfrivolous arguments existed to support Nichols's position. The Seventh Circuit's discussion tracked with many of the arguments Nichols advanced before this Court. That alone is arguably sufficient to conclude that Nichols's motion was "'warranted by existing law or a good faith argument' for the modification of existing law." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir. 1987).

Nichols's position also relied on a disputed question of whether the underlying case had been "terminated" in light of the ongoing appeal. Even if this argument was rejected, it was not wholly baseless. "Rule 11 cannot be allowed to thoroughly undermine zealous advocacy." *Kraemer v. Grant Cty.*, 892 F.2d 686, 690 (7th Cir. 1990). Arguments are not sanctionable simply because they are unlikely to be successful. *See Smith v. Nat'l Health Care Servs. of Peoria*, 934 F.2d 95, 97 (7th Cir. 1991). Furthermore, there is no indication that Nichols's new attorneys acted in bad faith. This case does not present the sort of egregious conduct that calls for sanctions.

3

## Conclusion

For the foregoing reasons, Longo's motion for sanctions, R. 366, and the supplement to that motion, R. 368, are denied.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: February 22, 2022

4